UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCO SUCERQUIA,

        Plaintiff,

vs.                            CASE NO.: 6:17-CV-570-ORL-31-GJK

SKY BUILDERS USA, LLC, a Florida for
Profit Limited Liability Company, and
OLGA RESTREPO, Individually,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARCO SUCERQUIA, by and through the undersigned attorney, sues the Defendants, SKY BUILDERS USA, LLC, a Florida for profit limited liability company, and OLGA RESTREPO, Individually, and alleges:

1. Plaintiff, MARCO SUCERQUIA, was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, MARCO SUCERQUIA was an hourly paid employee who worked at Defendant's property within the last three years for Defendant in Orange County, Florida.

3. Plaintiff, MARCO SUCERQUIA, worked for Defendants beginning approximately in May 2012 and is still employed by Defendants at the time of filing this cause of action.

4. Plaintiff, MARCO SUCERQUIA, was paid an hourly rate of $11.00 per hour at the beginning of his employment.

5. Plaintiff was subsequently given pay raises and currently receives $13.00 per hour.

6. Plaintiff, MARCO SUCERQUIA, was employed as a laborer/construction worker.

7. Plaintiff, MARCO SUCERQUIA, is a non-exempt employee entitled to overtime compensation.

8. Defendant, SKY BUILDERS USA, LLC, is a Florida limited liability company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

9. Specifically, SKY BUILDERS USA, LLC, operates as a construction company providing construction management, general contracting services, millwork, painting, drywall system and insulation, and specialty ceilings.

10. Furthermore, Defendant, SKY BUILDERS USA, LLC, provides these services to government buildings, retail buildings, restaurants, and residential builds. See www.SkyBuildersUSA.com

11. At all times relevant to this action, OLGA RESTREPO was an individual resident of the State of Florida, who owned and operated SKY BUILDERS USA, LLC., and who regularly exercised the authority to: (a) hire and fire employees of SKY BUILDERS USA, LLC.; (b) determine the work schedules for the employees of SKY BUILDERS USA, LLC., and (c) control the finances and operations of SKY BUILDERS USA, LLC. By virtue of having regularly exercised that authority on behalf of SKY BUILDERS USA, LLC., OLGA RESTREPO is/was an employer as defined by 29 U.S.C. § 201, et seq.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et

seq.

14. During Plaintiff's employment with Defendants, Defendant, SKY BUILDERS USA, LLC, earned more than $500,000.00 per year in gross sales.

15. Defendant, SKY BUILDERS USA, LLC, employed approximately 20 employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, SKY BUILDERS USA, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as paint and paint brushes, construction insulation materials, doors/frames, wood, nails, and other items used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, SKY BUILDERS USA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA Violations**

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

25. Specifically, Plaintiff received his regular rate for all hours worked regardless of how many overtime hours were worked in the workweek.

26. Furthermore, in an effort to carry out the unlawful payment practice, Defendant would issue Plaintiff two separate paychecks each pay period; The first paycheck represented payment for up to forty (40) hours of work at the regular rate, the second paycheck reflected only overtime hours worked but was paid at the employee's regular rate.

27. For example, for the pay period ending 1/1/2016, Plaintiff worked 55.5 hours during the one week pay period; Plaintiff received a paycheck for thirty (30) hours at his regular rate (30 hours x $13 = $390.00). He then also received a second check (#12505) representing twenty-five and one-half (25.5) hours at his regular rate (25.5 hours x $13 = $331.50). SEE ATTACHED "A"[1]

28. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29. In addition, Defendants did not post the required FLSA informational listings for Plaintiff as required.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff

---

[1] Plaintiff has provided the tear-away receipt for check #12505 representing 25.5 hours. He does not presently have access to the physical check at the time of filing.

time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARCO SUCERQUIA demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – VIOLATION OF 26 U.S.C. §7434

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

34. Defendants each had an obligation to provide correct information to the IRS and to the Plaintiff.

35. Defendants served/filed or caused to be served/filed knowingly false annual tax returns for the 2014 and 2015 calendar years by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee and then failing to properly identify him as an employee and pay the required employment taxes on his behalf.

36. Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for all four quarters of 2014 and 2015 by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee and pay the required employment taxes on his behalf.

37. Defendants provided paychecks to Plaintiff and are directly responsible for the issuance of

paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

38. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes as an independent contractor, the failure to receive the required contribution to his taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intention and willful acts as described above.

39. Section 7424 of 26 U.S.C. provides, in pertinent part, as follows:

   a. In General- If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

   b. Damages- In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

      i. Any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

      ii. The costs of the action, and

      iii. In the court's discretion, reasonable attorneys' fees.

WHEREFORE, Plaintiff, MARCO SUCERQUIA demands the entry of a judgment in his favor and against Defendants after trial by jury as follows:

   a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past three (3) years or the damages

proximately caused by Defendant's conduct for each year during the past three (3) years.

b. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

Dated this ___21___ day of March, 2017

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff