UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCO SUCERQUIA,

Plaintiff, Case No.: 6:17-cv-570-ORL-31-GJK

v.

SKYBUILDERS USA, LLC, a Florida for Profit Limited Liability Company, and OLGA RESTREPO, Individually,

Defendants.
_______________________________________/

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Skybuilders USA, LLC and Olga Restrepo (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Defenses to the Complaint filed by Plaintiff, Marco Sucerquia ("Sucerquia" or "Plaintiff").

Responding to the specifically numbered paragraphs of Plaintiff's Complaint,[1] and using the same numbered paragraphs and headings that appear therein, Defendants state as follows:

1. In response to Paragraph No. 1 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff brings this action for "unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act" ("FLSA"), but deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

[1] In regard to Plaintiff's unnumbered paragraph found under the "Complaint and Demand for Jury Trial" heading, Defendants acknowledge that Plaintiff is suing Defendants, but denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS

2. In response to Paragraph No. 2 of Plaintiff's Complaint, Defendants admit only that Plaintiff performed services for Defendant Skybuilders within the last three years in Orange County, Florida. Defendants deny all remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

3. In response to Paragraph No. 3 of Plaintiff's Complaint, Defendants admit only that Plaintiff performed services for Defendant Skybuilders in 2012 and is currently employed by Skybuilders. Defendants deny all remaining allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. Defendants deny the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. Defendants deny the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendants deny the allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. In response to Paragraph No. 7 of Plaintiff's Complaint, Defendants admit only that Plaintiff has performed work on a non-exempt status for Defendant Skybuilders. Defendants deny all remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. In response to Paragraph No. 11 of Plaintiff's Complaint, Defendants admit that Defendant Restrepo is a resident of the State of Florida and owner of Skybuilders USA, LLC. Defendant denies all remaining allegations in Paragraph No. 11 of Plaintiff's Compliant.

12. In response to Paragraph No. 12 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff brings this action "under the FLSA to recover from Defendants

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs[,]" but deny any wrongdoing and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

13. In response to Paragraph No. 13 of Plaintiff's Complaint, Defendants admit only that this Court has jurisdiction over this matter, but deny that Defendants are liable to Plaintiff and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in Paragraph No. 13 of Plaintiff's Complaint.

14. In response to Paragraph No. 14 of Plaintiff's Complaint, Defendants admit only that Defendant Skybuilders had more than $500,000 in gross sales during each of the last three years. Defendants deny any remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, Defendants admit only that Defendant Skybuilders employed some employees and paid those employees. Defendants deny any remaining allegations in Paragraph No. 15 of Plaintiff's Complaint.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, Defendants admit only that they are an enterprise covered under the FLSA. Defendants deny any remaining allegations in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in Paragraph No. 17 of Plaintiff's Complaint.

## **ALLEGED FLSA VIOLATIONS**

18. Defendants deny the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph No. 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph No. 20 of Plaintiff's Complaint.

21. Defendants admit the allegations in Paragraph No. 21 of Plaintiff's Complaint.

**COUNT I-RECOVERY OF ALLEGED OVERTIME COMPENSATION**

22. In response to Paragraph No. 22 of Plaintiff's Complaint, Defendants restate and incorporate their responses to Paragraphs 1 through 21 of Plaintiff's Complaint.

23. In response to Paragraph No. 23 of Plaintiff's Complaint, Defendants stated that the FLSA speaks for itself and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph No. 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph No. 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph No. 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in Paragraph No. 31 of Plaintiff's Complaint.

32. In response to Paragraph No. 32 of Plaintiff's Complaint, Defendants acknowledge Plaintiff's demand for a jury trial, but deny that any unlawful conduct has occurred and deny that Plaintiff is entitled to any relief. In response to the "Wherefore" clause following Paragraph No. 32 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to the relief described therein or to any other relief.

**COUNT II-ALLEGED VIOLATION OF 26 U.S.C. § 7434**

33. In response to Paragraph No. 33 of Plaintiff's Complaint, Defendants restate and incorporate their responses to Paragraphs 1 through 21 of Plaintiff's Complaint.

34. In response to Paragraph No. 34 of Plaintiff's Complaint, Defendants state that section 7434 speaks for itself and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph No. 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in Paragraph No. 38 of Plaintiff's Complaint.

39. In response to Paragraph No. 39 of Plaintiff's Complaint, Defendants state that section 7434 speaks for itself and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 39 of Plaintiff's Complaint. In response to the "Wherefore" clause following Paragraph No. 39 of Plaintiff's Complaint, Defendants deny all factual allegations included therein and deny that Plaintiff is entitled to the relief described therein or to any other relief.

**Defendants deny all allegations, requests for relief, captions, headings or notes throughout Plaintiff's Complaint, which are not specifically admitted by Defendants.**

## DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendants are continuing to investigate Plaintiff's allegations, and therefore, reserve the right to amend their Answer and Defenses.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendants acted in full compliance and conformity with and in reliance upon the FLSA and applicable laws, regulations, orders, opinions and interpretations, as well as with the enforcement policies with respect to the class of employers to which Defendants belonged. Defendants acted in good faith as a reasonably prudent entity would under the circumstances, with a belief of reasonable compliance, and are not subject to any liability for their alleged failure to pay overtime wages required by the FLSA.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent they were not filed within the applicable limitations period under the FLSA. The applicable statute of limitations bars in whole or in part any claims, causes of action, and damages alleged in the Complaint occurring more than two years prior to the filing of the Complaint. Defendants affirmatively state that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA in accordance with 29 U.S.C. § 255(a).

**FOURTH DEFENSE**

Defendants acted in good faith and have reasonable grounds for believing that their acts did not violate the FLSA, and any claims for willful violations, for a three-year limitations period, or for liquidated damages, should be dismissed.

**FIFTH DEFENSE**

Even if Plaintiff isowed overtime compensation, the amount of any such compensation owed would be *de minimis* and, therefore, not subject to payment under the FLSA.

**SIXTH DEFENSE**

Defendants are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with 29 U.S.C. § 254.

**SEVENTH DEFENSE**

The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment because Defendants properly compensated Plaintiff for all time worked in accordance with the FLSA.

**EIGHTH DEFENSE**

In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

**NINTH DEFENSE**

Even if Plaintiff prevails, Defendants are entitled to a set-off with respect to any overpayment to Plaintiff or monies paid to Plaintiff for any hours when Plaintiff was not actually performing work for Defendants.

**TENTH DEFENSE**

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands and/or laches to the extent Plaintiff intentionally falsified his time records, underreported his work hours, failed to disclose any known discrepancy in his pay, and/or intentionally concealed off-the-clock activities from Defendants.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver. To the extent Plaintiff failed to report his hours allegedly worked and/or overtime hours as required, and/or failed to demand additional compensation after a prolonged course of dealing, Plaintiff has waived any alleged claim and is estopped from asserting such claims.

**TWELFTH DEFENSE**

Plaintiff has failed to mitigate or reasonably attempt to mitigate his alleged damages, if any, as required by law.

**THIRTEENTH DEFENSE**

Plaintiff has waived his rights, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of his own acts, omissions, and course of conduct.

**FOURTEENTH DEFENSE**

Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**FIFTEENTH DEFENSE**

Plaintiff's Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendants relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

**SIXTEENTH DEFENSE**

Defendants are not liable for any hours worked by Plaintiff that were unauthorized or performed without their actual or constructive knowledge.

**SEVENTEENTH DEFENSE**

Defendant Restrepo was not Plaintiff's employer under the FLSA and, therefore, any claims against her should be dismissed.

**EIGHTEENTH DEFENSE**

Defendant did not willfully or fraudulently file incorrect tax information regarding Plaintiff, nor has Plaintiff alleged any facts to the contrary. Therefore, his claims under 26 U.S.C. 7434 should be dismissed.

**NINETEENTH DEFENSE**

If the lawsuit is maintained as a collective action, which it should not be, as to each individual who opts into the action, the applicable statute of limitations bars any claims, causes of action, and damages occurring more than two years prior to the later of (1) an Order certifying this case as a collective action or (2) the filing of each opt-in Plaintiffs' consent to join this lawsuit.

**TWENTIETH DEFENSE**

Defendants are not liable for any hours worked by Plaintiffs that were unauthorized or performed without their actual or constructive knowledge.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

WHEREFORE, having fully answered and responded to each one of the allegations set forth in Plaintiff's Complaint, Defendants respectfully request:

a. Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

b. Each and every prayer for relief in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendants;

d. All costs incurred by Defendants in this action be awarded to it as the prevailing party;

e. All reasonable attorneys' fees incurred by Defendants in this action be awarded to them for, among other reasons, Plaintiff commencing and litigating this action without substantial factual or legal support; and

f. That Defendants be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

FORDHARRISON LLP

By: *s/ Luis A. Santos*

Luis A. Santos
Florida Bar No. 84647
lsantos@fordharrison.com
lwebber@fordharrison.com
ragliano@fordharrison.com
Daniel K. Miles
Florida Bar No. 0119930
dmiles@fordharrison.com

101 E. Kennedy Boulevard
Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Mathew R. Gunter, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802

*s/ Luis A. Santos*
Attorney

WSACTIVELLP:9123798.1